AGNES SITTERDING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. H. SITTERDING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

F. SITTERDING, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 67011, 67030, 67031. Promulgated April 26, 1935.

*Frank J. Albus, Esq.*, and *James H. Rindfleisch, C. P. A.*, for the petitioners.

*Claude Kitchin, Esq.*, and *L. W. Creason, Esq.*, for the respondent.

OPINION.

McMAHON: These proceedings, duly consolidated for hearing and decision, are for the redetermination of asserted deficiencies in income tax for the year 1929 in the amounts as follows:

| Docket No. | Amount |
|---|---|
| 67011 | $2, 212. 30 |
| 67030 | 1, 064. 01 |
| 67031 | 440. 64 |

The only question at issue is whether certain distributions received in 1929 by each of the petitioners as beneficiaries of the estate of their deceased father are includable in the taxable income of each of them.

The petitioners are individuals residing at Richmond, Virginia.

The father of petitioners, Fritz Sitterding, Sr., late of Richmond, Virginia, died testate April 14, 1928. The will of Fritz Sitterding, Sr., deceased, is incorporated herein and made a part hereof by reference. The executors and trustees named in the will of Fritz Sitterding, Sr., who were William H. Sitterding and Fred B. Sitterding, sons of the deceased, and the Virginia Trust Co., qualified as executors on April 30, 1928.

During the year 1929 the executors and trustees of the estate of Fritz Sitterding, Sr., made three distributions to the beneficiaries as follows:

| Date | Agnes Sitterding | William H. Sitterding | Fred B. Sitterding |
|---|---|---|---|
| Jan. 30, 1929 | $7, 242. 59 | $7, 242. 59 | $7, 242. 58 |
| July 30, 1929 | 3, 746. 84 | 3, 746. 84 | 3, 746. 84 |
| Oct. 30, 1929 | 5, 451. 45 | 5, 451. 45 | 5, 451. 45 |
| Total | 16, 440. 88 | 16, 440. 88 | 16, 440. 87 |

The record kept by the executors for the estate contained an acount entitled " Income Account " and an account entitled " Principal Account." The above distributions were charged to and entered in such income account on the above dates and in the above amounts with an explanation as follows:

| Miss Agnes Sitterding | ⅓ Income |
|---|---|
| W. H. Sitterding | ⅓ Income |
| To a/c [or " acct "] Fred B. Sitterding | ⅓ Income |

Such distributions exhausted the funds as reflected in the credit balance in the income account at the respective dates of distribution.

On March 27, 1929, the estate paid Federal inheritance tax in the amount of $34,555.56, and on April 23, 1929, the estate paid state inheritance tax in the amount of $138,582.41, both of which were charged to the principal account.

The credit balance or debit balance in the income account or the principal account during 1929 at each of the dates shown was as follows:

| Date | Principal account | | Income account | | Paid to beneficiaries and charged to income account |
|---|---|---|---|---|---|
| | Debit balance | Credit balance | Debit balance. | Credit balance (prior to distribution) | |
| Jan. 1 | | $57,619.17 | | $3,108.11 | |
| Jan. 30 | | 50,296.89 | | 21,727.76 | $21,727.76 |
| July 30 | $85,254.95 | | | 11,240.52 | 11,240.52 |
| Oct. 30 | 48,988.92 | | | 16,354.35 | 16,354.35 |
| Dec. 30 | 34,356.83 | | | 837.03 | |

The debit balance in the principal account represents overdrafts, i. e., moneys advanced by the Virginia Trust Co.

The record of the executors also contained an inventory account which contained a record of assets of the estate. The estate was inventoried at a little over three million dollars. The principal account did not represent the value of the estate. As and when assets included in the inventory account were liquidated or disposed of by the executors, the moneys received therefor were credited to the principal account.

During the calendar year 1929 the estate had a gross income of $96,998.84, as follows:

Interest on bank deposits, notes, corporation bonds, etc_____ $16,497.65
Income from rents and royalties_____ 1,447.19
Profit from the sale of real estate, stocks, bonds, etc_____ 5,403.00
Income from dividends on stock of domestic corporations_____ 73,651.00

    Total_____ 96,998.84

The estate has not been completely administered and is still in the process of administration.

The will of Fritz Sitterding, Sr., directed his executors to set aside and hold in trust $300,000, either in money or in stocks belonging to his estate, expressing, however, a preference for stock of the Life Insurance Co. of Virginia, and further directed the executors as trustees to divide the income from such trust quarterly among his three children, the petitioners herein. Pursuant to such direction, the executors set aside and held in trust 2,500 shares of stock of the Life Insurance Co. of Virginia.

The respondent increased the reported net income of each petitioner by adding thereto $16,440.88 as representing total distributions from the estate of Fritz Sitterding, Sr., received by each petitioner during 1929. In the amount of $16,440.88 added by respondent to the reported income of each of the petitioners he included $1,781.25, or one third of $5,343.75, representing dividends on the above 2,500 shares so held in trust.

In passing to our discussion it must, at the outset, be pointed out that it was stipulated that the amount of $1,781.25 may be added to the reported income of each petitioner herein. Sec. 162 (b), Revenue Act of 1928; *Walter S. Gurnee*, 13 B. T. A. 262; and *Everett J. Esselstyn, Executor*, 26 B. T. A. 181; affd., 65 Fed. (2d) 1015; certiorari denied, 290 U. S. 678. Hence, the amount in controversy as to each petitioner is $14,659.63.

As to the amount of $14,659.63 added to the reported income of each of the petitioners, upon the foregoing facts, the petitioners contend that section 162 (c) of the Revenue Act of 1928 [1] provides for a credit to the estate only in the event of a distribution "properly" paid or credited during the year to any legatee, heir, or beneficiary, and that the converse of this provision is that any distribution not "properly" paid or credited is not a proper deduction by the estate and is not to be included in the income of the beneficiary. They further contend that the executors qualified as such on April 30, 1928; that the distribution of January 30, 1929, was made by the executors within one year after April 30, 1928, in derogation of section 5437 of the Code of Laws of Virginia,[2] effective during 1929; that the distributions of July 30 and October 30, 1929, were made at a time when

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*     \*     \*     \*     \*     \*     \*

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

[2] SECTION 5437. WHEN DISTRIBUTION TO BE MADE OF ESTATE OF DECEDENT; REFUNDING BONDS TO BE GIVEN: WHERE RECORDED.—A personal representative shall not be compelled to pay any legacy given by the will, or make distribution of the estate of his decedent, until after one year from the date of the order conferring authority on the first executor or administrator of such decedent, and, except where it is otherwise specifically provided, he shall not then be compelled to make such payment or distribution until the legatee or distributee shall give him a bond, executed by himself or some other person, with sufficient surety, with condition to refund a due proportion of any debts or demands which may afterwards appear against the .decedent, and of the cost attending their recovery. Such bond shall be filed and recorded in the clerk's office of the court which may have decreed such payment or distribution, or in which the accounts of such representative may be recorded. (Code 1887, section 2706; 1930, p. 631.)

the estate had a substantial deficit in its accounts at the Virginia Trust Co.; that these distributions were not made from the funds of the estate, but were made from advances by the Virginia Trust Co.; that therefore all the distributions made were not proper distributions within the meaning of section 162 (c), *supra*, and are not proper deductions to the estate nor includable in the income of the beneficiaries. The petitioners further contend that the distributions made July 30 and October 30, 1929, are not to be considered income in the hands of the beneficiaries for the reason that on these dates the estate had no available income for distribution and consequently any distributions made at that time constituted a distribution of corpus and were not includable in gross income of the beneficiaries under section 22 (b) (3) of the Revenue Act of 1928.[3]

Section 5437, *supra*, provides that a personal representative " shall not be compelled " to pay any legacy or make distribution of the estate until after one year from the date of the order conferring authority on the first executor or administrator. In *Bliss* v. *Spencer*, 99 S. E. 593, the Supreme Court of Appeals of Virginia stated as follows:

* * * It is the duty of an administrator to distribute the personal estate after the payment of debts. 7 Am. & Eng. Ency. Law. p. 315. It is also his right so to do. 18 Cyc. p. 594. It is out of regard for creditors only that administrators cannot be " compelled " to make distribution of the estate within the year from their qualification. So that, where there are no creditors, there is nothing in our statute law to forbid an administrator from distributing the personal estate within the year. And the true policy of the law, in the absence of such a statute, would seem to favor a reasonably prompt distribution amongst those entitled under the statute of distributions, rather than a holding of the estate by the fiduciary for that year. * * *

The will does not specifically authorize the distribution of the income or corpus of the residuary estate during administration. This is immaterial, however, as distribution thereof is within the discretion of the executors. The beneficiaries cannot *compel* them to make distribution under section 5437, *supra*, but the executors may do so of their own volition. There is no evidence showing that the distribution of January 30, 1929, was not a proper distribution except that it was made within the year after the authorization of the executors. The principal account had on January 30, 1929, a credit balance of $50,296.98 and the income account a credit balance

---

[3] SEC. 22. GROSS INCOME.

    *         *         *         *         *         *         *

   (b) *Exclusions from gross income.*—The following items shall not be included in gross income and shall be exempt from taxation under this title:

    *         *         *         *         *         *         *

   (3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

of $21,727.76, which latter amount was exhausted by the distribution to petitioners. In our opinion, under section 5437, *supra*, and the above decision of the Virginia court, the distribution of January 30, 1929, was not improperly made. This distribution of January 30, 1929, was paid out of the estate as income and was received as income by the petitioners, there being nothing in the record to show that the executors or the petitioners regarded the distribution as a part of the corpus of the estate. This distribution is therefore taxable to the petitioners in the amounts received by them, respectively.

The petitioners claim that when the distributions of July 30, 1929, in the aggregate amount of $11,240.52 were made there was a net deficit of $74,012.93, arrived at by offsetting the credit balance of $11,240.52 in the income account against the debit balance of "$85,253.45" in the principal account; that when the distributions of October 30, 1929, in the aggregate amount of $16,354.35 were made, there was a net deficit of $32,596.57 arrived at by offsetting the credit balance of $16,354.35 in the income account against the debit balance of "$48,950.92" in the principal account, and that at the end of 1929 there still was a deficit of $33,519.80, arrived at by offsetting the credit balance of $837.03 in the income account against the debit balance of $34,356.83 in the principal account.

For the purpose of showing "what items of income and what items of deductions were affected for the year 1929" the principal account, consisting of 4 pages containing some 64 entries for 1929, and the income account, consisting of 9 pages containing some 213 entries for 1929, were received in evidence. William H. Sitterding testified that as a member of the board of directors and of the executive committee of the Virginia Trust Co. and as executor of his father's estate, he was familiar with such accounts and that the principal account and the income account thereof were designated such "Just as a matter of convenience in keeping the account. It is principally and solely a matter of bookkeeping"; and that there is no requirement in the State of Virginia which called for the keeping of two separate accounts covering principal and income. On cross-examination he testified further, in substance, that the principal account was not the inventory account and did not represent the value of the estate; that the principal account showed all inventory items disposed of; that it "represented the transactions as stated at that period"; and that the executors' accounts contained a separate account showing the inventory of the total estate as filed by the executors. The inventory account is not in evidence.

While the aggregate amount of the state inheritance tax of $138,582.41 and the Federal estate tax of $34,555.56 paid in 1929 exceeds by $76,139.13 the income of the estate during 1929, there is no evi-

dence disclosing that the petitioners actually received a part of the corpus of the estate, rather than the income thereof. William H. Sitterding merely testified that the estate had no cash with which to pay the distributions made July 30 and October 30, because "the Principal Account had an overdraft of a considerably larger amount than was actually paid out from the account marked 'Income'." On the other hand, it appears from the accounts of the executors of the estate in evidence that the cash funds of the estate were carried in two accounts, one, the income account, representing items of income, such as interest, dividends, rents, and royalties, and the other, the principal account, containing items of inventory disposed of; that the distributions to petitioners were not charged or debited to the principal account, but were charged or debited to the income account, and each of the distributions to each petitioner was designated as representing "⅓ income"; that at the time of each distribution the income account carried a credit in an amount equal to the total distribution; that the principal account discloses only one distribution during 1929 to the petitioners of corpus in the form of stock of the American Glass Works at a value of $37,000; that no amount was carried or transferred from the principal account to the income account to show distribution thereof through the income account, but both accounts disclose that an amount of $24,-387.76 was transferred on April 30, 1929, from the income account, per instructions of W. H. Sitterding, to the principal account to apply on its overdraft; and that the income account is charged only with items appearing to be current expenses such as interest on notes, services, farm supplies and expense, repairs, 1928 and 1929 realty tax, 1929 personalty tax, and 1928 United States income tax.

These entries in these two accounts indicate an intent on the part of the executors, two of whom are petitioners herein, to charge all claims and administration expense to corpus and to distribute a substantial part of the income to the beneficiaries. Our attention has not been called to any law of Virginia prohibiting the distribution of income of an estate to its beneficiaries during the administration of the estate. So far as we know this rests within the discretion of the executors. None of the beneficiaries, so far as disclosed by this record, have complained. The action of the executors in distributing the income has not been disapproved by the court and, unless complaint is made by a creditor of decedent or the petitioners as beneficiaries, such action will, no doubt, be approved by the court.

Petitioners contend in substance that, if as a matter of convenience legacies are paid out of income instead of corpus, such payments should not be considered as income properly paid or credited to a beneficiary, citing some authority. However, the authority cited deals with fixed legacies only. The will contains no fixed legacies

as to amounts or particular property except those contained in the first and second paragraphs relating to household furniture and equipment, personal effects and the trust, so that the amount and form of the residuary estate remains uncertain until the final closing of the administration proceedings. Furthermore, although section 22 (b) (3), *supra*, provides that the value of property acquired by bequest or devise is not includable in gross income of a beneficiary, it also provides that "the income from such property shall be includable in gross income." As heretofore stated, the distributions in question were paid out by the executors and apparently received by the beneficiaries as "income" and not as corpus. Upon the showing made we must approve the action of the respondent in including in the gross income of each petitioner all the distributions made to them respectively. Cf. *Carrie G. Cox*, 31 B. T. A. 819.

*Decision will be entered for the respondent.*